# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-827-MOC-DCK

| | |
|---|---|
| **JERRY LEE ROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **CNAC (SMART FINANCE),** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Smart Finance, Inc.'s "Verified Motion To Dismiss" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Jerry Lee Ross ("Plaintiff"), appearing *pro se*, filed his "Complaint" (Document No. 1) initiating this action on December 13, 2012. The "Complaint" asserts that "CNAC (Smart Finance)" is liable for "Violation of the Truth in Lending Act . . ., Violation of Fair Debt Collection Practices . . ., Violation of Fair Credit Reporting Act . . ., Breach of contract, negligence, gross negligence and Defamation of Character." (Document No. 1, p.4).

Smart Finance, Inc. ("Defendant") filed the pending "Motion To Dismiss" (Document No. 6) on February 6, 2013. Defendant seeks dismissal of the "Complaint" for insufficient process pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. (Document No. 6, p.1). The motion to dismiss has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

"The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996). "Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that manner." Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C.App. 88, 91 (2002) (citing Fulton v. Mickle, 134 N.C.App. 620, 623 (1999)). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Id. (internal citation omitted). Fed.R.Civ.P. 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Building Systems, Inc., 733 F.2d 1087, 1089 (4th Cir.1984); see also McDaniel v. Greyhound Lines, Inc., 3:08–cv–130–FDW, 2008 WL 2704774 at *4 (W.D.N.C. July 7, 2008). "When the defense challenges service, 'the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.'" Mallard v. MV Transp., Inc., 2012 WL 642496 at *2 (D.Md. Feb. 27, 2012) (quoting O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D.Md. 2006)).

## III. DISCUSSION

Defendant simply asserts that "[t]here is no entity, nor has there ever been an entity, named 'CNAC (Smart Finance).'" (Document No. 6, p.1). Rather, Defendant contends that "Smart Finance, Inc. is a Tennessee corporation registered to do business in North Carolina," and "was formerly known as Auto Finance-Knoxville, Inc." Id. Defendant, however, acknowledges

that it has an office at the address in Knoxville, Tennessee where Plaintiff attempted service of the underlying Summons and Complaint on "CNAC (Smart Finance)."

Defendant's motion to dismiss also states the following:

> Dismissal is a remedy pursuant to F.R.Civ.P., Rule 12(b)(4), although it is not justified where service can be properly made, at least if the Plaintiff requests an opportunity to amend the complaint. Coastal Neuro-Psychiatric Associates, P.A. v. Onslow County Hospital Authority, 607 F. Supp 49, 50 (E.D.N.C. 1985). Furthermore, the Plaintiff has served no proper entity, and thus, the motion for default is invalid.
> Therefore, Smart Finance, Inc. moves this Court to deny the Motion for Default and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) if Plaintiff does not timely request to amend the Complaint.

(Document No. 6-1, p.3).

In Coastal Neuro-Psychiatric Associates, P.A. v. Onslow County Hospital Authority, the plaintiffs originally "sued the Onslow Memorial Hospital, Incorporated, while defendant's actual name is the Onslow County Hospital Authority." Coastal Neuro-Psychiatric Associates, P.A., 607 F.Supp. at 50. In that case, the court denied the defendant's motion to dismiss pursuant to Rules 12(b)(4) and (5), without prejudice, and allowed the plaintiffs "ten days to file an amended complaint properly naming the defendant and to effect proper service upon it." Id.

The undersigned also finds a recent decision from the United States District Court for the Southern District of West Virginia to be consistent with the previous case and instructive here: "A defendant has a right to receive a summons that complies with the Federal Rules and in cases of a misnomer, leave to amend the summons is the appropriate remedy." Fields v. Norfolk and Southern Ry. Co., 2012 WL 6554103at *4 (S.D.W.Va. December 14, 2012) (citing United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873–74 (4th Cir. 1947) ("[T]he [defendant] corporation had the right to be accurately named in the process and pleadings of the court; and the misnomer was properly raised.")).

In response, Plaintiff asserts that there is no dispute that "CNAC has changed their name to Smart Finance;" and then appears to conclude that since counsel for Smart Finance, Inc. has responded to the Complaint, the proper entity has been served. (Document No. 8, pp.1-2).

The "Reply Of Smart Finance, Inc. To Plaintiff's Response To Motion To Dismiss" (Document No. 10) attempts to clarify the issues with the following information:

> Auto Finance-Knoxville, Inc. was a franchisee of J.D. Byrider. CNAC was a finance company related to J.D. Byrider. As a franchisee, Auto Finance-Knoxville, Inc. could use J.D. Byrider as a d/b/a for its sales department and CNAC as a d/b/a for its finance department. However, CNAC was not related to Auto Finance-Knoxville, Inc. and was never part of the corporate name of Auto Finance-Knoxville, Inc. The name Auto Finance-Knoxville, Inc. was changed to Smart Finance, Inc. That is the full name of the corporation. Once again, there is no entity, nor has there ever been an entity, named "CNAC (Smart Finance)"

(Document No. 10, p.2) (internal citations omitted).

Based on the foregoing, including Smart Finance, Inc.'s own acknowledgment that where possible amendment is preferable to dismissal when a party has been misnamed, the undersigned will recommend that that the motion to dismiss be denied without prejudice. The undersigned suggests that Plaintiff be allowed a brief extension of time to file an Amended Complaint naming proper defendant(s), and to effect service of such an Amended Complaint.

The Court advises Plaintiff that his Amended Complaint should contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Smart Finance, Inc.'s "Verified Motion To Dismiss" (Document No. 6) be **DENIED WITHOUT PREJUDICE**, and that Plaintiff be directed to file an Amended Complaint.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion for default" (Document No. 4) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 27, 2013

David C. Keesler
United States Magistrate Judge