UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00827-MOC-DCK

| | |
|---|---|
| **JERRY LEE ROSS,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>)<br>**CNAC,** )<br>)<br>Defendant. ) | MEMORANDUM OF DECISION<br>and ORDER |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#36), as to which the court has advised plaintiff in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). See Order (#39). Within the time allowed, plaintiff filed his Response and Supporting Memorandum (#41), to which purported exhibits are attached.

**FINDINGS and CONCLUSIONS**

**I.   Procedural History**

This action was filed December 13, 2012, naming "CNAC (Smart Finance)" as the defendant. Little more than a month after such filing, plaintiff filed a Motion for Default (#4) against defendant on January 23, 2013. Thereafter, o February 6, 2013, defendant filed a Motion to Dismiss (#5) for insufficient service of process.

On March 27, 2013, United States Magistrate Judge David C. Keesler issued a Memorandum and Recommendation (#12) recommending that Smart Finance, Inc.'s Motion to Dismiss be denied without prejudice, the plaintiff be directed to file an amended complaint, and that the plaintiff's Motion for Default be denied without prejudice. This court fully affirmed that recommendation. Order (#19).

1

On April 15, 2013, the plaintiff filed his Amended Complaint (#13), which defendant answered on May 17, 2013. Answer (#20). Plaintiff filed a Response (#22) to defendant's Answer on May 28, 2013 (Docket Entry #22), which is not a permitted filing. On June 6, 2013, defendant filed a Motion to Strike the Response and parts of another document improperly filed. On August 21, 2013, defendant's Motion to Strike was allowed.

Within the time allowed by the Pretrial Order defendant filed its Motion for Summary Judgment. It appearing that plaintiff has responded to that motion and that defendant has waived its Reply, the Motion for Summary Judgment is ripe for consideration.

## II.    Applicable Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible**

> **Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences

are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

### III. Discussion

#### A. Nature of the Action

This action concerns a Retail Installment Contract and Security Agreement as to plaintiff's purchase of an automobile, which was financed by defendant or its predecessor in interest. It is undisputed that plaintiff paid the vehicle off early in November 2011, rather than the payoff date of July 2012. After paying the loan off, plaintiff initiated this action alleging the following causes of action:

1. Violation of the Truth in Lending Act (15 USCS §§ 1601 et seq.); the following claims against Smart Finance:
2. Violation of the Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.);
3. Violation the Fair Credit Reporting Act (15 USCS §§ 1681 et seq.);
4. Breach of contract;
5. Negligence and Gross Negligence;

6. Defamation; and

7. "Severe" Punitive Damages.[1]

It is undisputed that the Retail Install Agreement and Security Agreement discloses on its face the "amount financed", the "finance charge," the "annual percentage rate," the sum of the amount financed and the finance charge, the number, amount and due dates or period of payments scheduled to repay, the "total sale price," and a descriptive explanations of these terms. Def. Ex. 1. Pursuant to the Contract, a security interest arose in the financed vehicle and plaintiff took possession of the motor vehicle. Pltf's Depo. 65:1-9.

### B. Summary Judgment as to First Claim: TILA

In his first cause of action, plaintiff asserts a violation of the Truth in Lending Act. TILA assures consumers of

> a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

Premier Fed. Credit Union v. Douglas, 121 N.C. App. 341, 343 (1996). Under TILA, certain loan disclosure criteria is applicable, including: the amount financed, itemization of the amount financed, the total number of payments, finance charges, the annual percentage rate, and the identity of the creditor. Comer v. Pers. Auto Sales, Inc., 368 F. Supp. 2d 478, 484 (M.D.N.C. 2005). In consumer credit transactions such as the one herein alleged, the original creditor is required to disclose: its identity, the "amount financed;" the "finance charge" including the finance charge expressed as an "annual percentage rate;" the sum of the amount financed and the finance charge referred to as the "total of payments;" the number, amount and due dates or

---

[1] "Punitive damages" is not a cause of action, but a remedy, typically pled in the *ad damnum* clause of a complaint.

period of payments scheduled to repay; the "total sale price," and descriptive explanations of the terms as well as a statement that a security interest has been taken and any applicable late charges. 15 U.S.C. § 1638.

Plaintiff's first claim, that the original creditor somehow put the wrong figure in the amount financed block of the North Carolina Retail Installment Contract and Security Agreement, appears to be without merit. Defendant has shown that plaintiff has mistaken the amount of payments he made with the amount financed. See Docket Entry #13-=1. Of course, payments include not only a portion of the amount financed (pay down), but interest paid by plaintiff. Plaintiff appears to have mistaken the total amount of payments between November 5, 2008, and April 22, 2011, as disclosed to him on the Customer Ledger Report as the amount financed. Thus, it appears that there was no error in the "Amount Financed" box of the Truth in Lending disclosure. Section 1638 provides that the "amount financed" includes the principal amount of the loan less down payment plus any charges which **are not part of the finance charge** or the principal amount and which are financed by the consumer. 15 U.S.C. 1638(a) (2) (A). Summary judgment will be granted on the first claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

**C. Second Cause of Action: FDCPA**

Plaintiff next contends that defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 USCS §§ 1692 *et seq*. "The FDCPA seeks to protect consumers from abusive, deceptive and unfair debt collection practices by establishing, in part, guidelines for communications by debt collectors." Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997). It is undisputed that plaintiff paid off the loan early, that plaintiff has

pointed to no debt collection activities by defendant, and the record is devoid of any evidence that defendant took any steps to collect on the underlying debt.

Plaintiff does, however, contend that defendant breached the FDCPA, by charging and collecting from him interest beyond the contracted amount of 21.999%. The evidence of record indicates that although plaintiff ultimately paid off his loan early, he missed two payments and that upon receiving subsequent payments, defendant applied late payments received to outstanding accrued interest rather than principal. See Def. Ex. 3 at ¶7 and Ex B. Plaintiff does not dispute his missed payments, it simply appears that he did not understand why his subsequent payment was mainly credited to accrued interest. This simply is not a violation of the FDCPA as it is not a debt collection activity; rather, it is a standard practice of creditors who have a borrower who misses some payments, but is able to catch back up later. The real problem for plaintiff here is, under the terms of his agreement, that even where he pays additional amounts to pay down the amount financed, that "prepayment" does not forgive or delay future payments. For example, many homeowners pay a little more than required each month so that the principle balance goes down and the loan will terminate early. Even where the homeowner pays significant amounts in advance, that homeowner in the typical loan agreement is still obligated to make each monthly payment as scheduled until the loan is paid in full. In any event, the FDCPA has no application to this claim as defendant was not a debt collector in this particular case. Davis v. Dillard Nat'l Bank, 2003 U.S. Dist. LEXIS 9420 (M.D.N.C. 2003) ("Crediting institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers.").

Summary judgment will be granted on the second claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

7

### D. Third Claim: FCRA

Next, plaintiff contends that defendant violated the Fair Credit Reporting Act ("FCRA"), 15 USCS §§ 1681 *et seq*. The FCRA is the other end of the stick of TILA as it requires creditors to accurately report a consumer's credit history among other consumer protections. TRW Inc. v. Andrews, 534 U.S. 19, 23 (2001). A primary feature of FCRA is the requirement that persons who take negative action toward a consumer based on information contained in a consumer credit report must notify that consumer of their reliance on the report. 15 U.S.C. § 1681m(a). In turn, and most relevant here, the FCRA provides consumers with a cause of action against businesses that use such reports, but fail to comply with the adverse action requirement. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 53 (2007).

Review of the claims in a light most favorable to plaintiff reveals that such FCRA claim against defendant is based on his misperception as to the "amount financed." He has made no plausible allegation that this defendant took adverse action against him based on its review of a credit report and he has presented no evidence that could support such a claim. Further, there is nothing in this record that indicates that defendant issued an inaccurate report as to plaintiff's payment of the installment loan. Summary judgment will be granted on the third claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

### E. Fourth Claim: Breach of Contract

In his fourth claim, plaintiff contends that defendant breached the credit contract. The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract. Poor v. Hill, 138 N.C. App. 19 (2000). Plaintiff has stated no plausible facts that could support a breach of contract claim. While plaintiff appears to argue that defendant breached the contract by charging interest in excess of the contract amount or did

not place the correct amount in the "amount financed" box, there is absolutely no evidence that supports these contentions as plaintiff is simply mistaken as to the amount financed and his contention concerning excess interest charged, as discussed above.[2] Summary judgment will be granted on the fourth claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

**F. Fifth Cause of Action: Negligence and Gross Negligence**

In his fifth cause of action, plaintiff asserts claims for Negligence and Gross Negligence. Such claims fail as a matter of law because "the economic loss rule prohibits recovery for purely economic loss in tort, as such claims are instead governed by contract law." Lord v. Customized Consulting Specialty, Inc., 182 N.C. App. 635, 639 (2007). Summary judgment will be granted on the fifth claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

**G. Sixth Cause of Action: Defamation**

Plaintiff claims that by reporting that the amount financed as $9,873, Smart Finance defamed him. Again, as discussed above, $9,873.00 was in fact the amount financed. Accurately reporting to a credit agency that a party paid off the amount he financed cannot – as a matter of law – injure the creditor's reputation. Indeed, the court takes notice that it is precisely the type of information that helps a consumer improve their credit score. Plaintiff's contention that the amount financed should have been a bit higher is based on his own mistake, not that of defendant. Truth being a defense to a claim of defamation, Long v. Vertical Technologies, Inc., 113 N.C. App. 598, 602-03 (1994), and plaintiff having not put such issue in dispute, summary

---

[2] Plaintiff's contention that defendant somehow made a false statement to the NC Attorney General, in response to plaintiff's consumer complaint, concerning the amount of interest charged, appears to be attributable to a typographical error. In any event, there is absolutely no evidence that plaintiff paid more than the contracted to interest rate.

judgment will be granted on the sixth claim as there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

### H. Punitive Damages

Dismissal of such "cause of action" is required as a matter of law inasmuch as North Carolina does not recognize a "cause of action" for punitive damages. Instead, punitive damages may be sought in an *ad damnum* clause or a prayer for relief for damages for some other tort that would support punitive damages. Here, there are no claims remaining so even plaintiff's demand for punitive damages is not viable. As a general rule,

> [p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all.

J. Stein, Damages and Recovery § 195 at 389 (1972). North Carolina follows this general rule of law. Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991). In North Carolina, "punitive damages may be awarded only if a claimant proves that the defendant is liable for compensatory damages and that the defendant is guilty of fraud, malice, or willful or wonton conduct." Combs & Associates, Inc. v. Kennedy, 147 N.C.App. 362, 374 (2001) (citation omitted). Finding that plaintiff cannot assert punitive damages as an independent cause of action, summary judgment will be granted in favor of defendant on such claim.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#36) is **GRANTED** and plaintiff's Complaint is **DISMISSED** in its entirety with prejudice. There being no counterclaims, this action is **TERMINATED**.

The Clerk of Court is instructed to enter judgment consistent with this Memorandum of Decision and Order.

Signed: March 14, 2014

Max O. Cogburn Jr.
United States District Judge